IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CHADWICK J. MULLINS and ) | |
| ELENA B. MULLINS, ) | Case No. 06-10948 |
| ) | |
| Debtors. ) | |
| _____) | |

**MEMORANDUM OPINION**

This matter came before the Court for hearing on August 31, 2006 upon the Motion by the Debtor to Impose the Automatic Stay (the "Motion") filed on August 18, 2006. At the hearing, Phillip E. Bolton appeared on behalf of the Debtors and Anita J. Kinlaw Troxler appeared in her capacity as the Chapter 13 Trustee.

Based upon a review of the Motion, the evidence presented at the hearing, and a review of the entire official file, this Court hereby makes the following findings of fact and conclusions of law.

FACTS

The Debtors filed the current case on August 18, 2006. This is the Debtors' third Chapter 13 case within the past year. The first case, case number 05-14091 (the "First Case"), was dismissed on December 14, 2005, and the second case, case number 06-10213 (the "Second Case"), was dismissed on August 1, 2006. Because the Debtors had two prior bankruptcy cases dismissed within the preceding year, pursuant to Section 362(c)(4) the automatic stay does not arise in the present case. Thus, the Debtors filed the Motion, which requests the Court to impose the automatic stay as to all creditors.

At the hearing, the female Debtor testified that the First Case was dismissed for failure to

make plan payments because the female Debtor incurred serious medical problems that prohibited her from working for several months. The female Debtor testified that the Second Case was dismissed for failure to make plan payments because the female Debtor had only returned to work for a short time, and the Debtors could not afford the plan payments.[1]

## ANALYSIS

Section 362(c)(4) of the Bankruptcy Code provides:

(4)(A)(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect;

(B) if, within 30 days after the filing of the later case, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

(C) a stay imposed under subparagraph (B) shall be effective on the date of the entry of the order allowing the stay to go into effect; and

(D) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)--

(i) as to all creditors if--

(I) 2 or more previous cases under this title in which the individual was a debtor were pending within the 1-year period;

(II) a previous case under this title in which the individual was a debtor was dismissed within the time period stated in this paragraph after the debtor failed to file or amend the petition or other documents as required by this title or the court

---

[1] In both the First and Second Cases, the Debtors attempted to retain their primary residence and pay the debt through the Chapter 13 plans. In the Second Case, the Plan payments were $2,120.00 per month, of which $1,219.03 was disbursed on the mortgage claim, and any excess was disbursed on the mortgage arrearage claim. The Debtors will surrender the primary residence in this case, and the mortgage debt will therefore not be included in their Chapter 13 plan.

> without substantial excuse (but mere inadvertence or negligence shall not be substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney), failed to provide adequate protection as ordered by the court, or failed to perform the terms of a plan confirmed by the court; or
>
> (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under this title, or any other reason to conclude that the later case will not be concluded, if a case under chapter 7, with a discharge, and if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; or
>
> (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, such action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to such action of such creditor.

The presumption portion of Section 362(c)(4) is the same as Section 362(c)(3). Also, the circumstances in this case (i.e., two prior dismissed cases within the previous year) are similar the circumstances addressed by Section 362(c)(3) (i.e., one prior dismissed case within the previous year), so the Court will analyze the Motion as it would a motion to extend the stay pursuant to Section 362(c)(3). Pursuant to In re Havner, 336 B.R. 98 (Bankr. M.D.N.C. 2006), the Court considers seven factors when determining whether to extend the automatic stay pursuant to Section 362(c)(3) and will apply this totality of the circumstances analysis to this case.

First, the Debtors filed the current case approximately three weeks after their previous case was dismissed. Considering that the female Debtor had recently returned to work after serious medical problems, the Court finds this delay to be reasonable under the circumstances. This is a positive factor for the Debtors.

Second, the Debtors' debts are not the result of luxury spending. The Debtors' financial condition is virtually the same in this case as it was in their last case. This is a positive factor for

the Debtors.

Third, the Debtors' motive for filing the current case is to successfully discharge some or all of their unsecured debt and to retain the Debtors' vehicle. In order to increase the likelihood of success of this plan, the Debtors have agreed to surrender their primary residence. This is a positive factor for the Debtors.

Fourth, the Debtors' actions by filing this case will negatively affect the creditor secured by the Debtor's vehicle. This is a negative factor for the Debtors.

Fifth, the Debtors' prior cases were dismissed when they failed to make plan payments due to medical problems and loss of employment. The Debtors did not manipulate the bankruptcy system. This is a positive factor for the Debtors.

Sixth, the Debtors presented convincing testimony that, with the surrender of the primary residence and the increased disposable income that such surrender will produce, they will be able to fund their current Chapter 13 plan. This is a positive factor for the Debtors.

Finally, no creditor objected to the imposition of the stay. The Chapter 13 Trustee supported the Motion. Since no creditor objected, this is a positive factor for the Debtors.

## CONCLUSION

After weighing the above factors and considering the evidence presented, the Court finds that the Debtors have presented clear and convincing evidence that this case was filed in good faith. The Motion is granted, and the automatic stay is imposed as to all creditors.

This memorandum opinion constitutes the Courts' findings of fact and conclusions of law. A separate order will be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CHADWICK J. MULLINS and ) | |
| ELENA B. MULLINS, ) | Case No. 06-10948 |
| ) | |
| Debtors. ) | |
| _____) | |

## PARTIES IN INTEREST

Phillip E. Bolton, Esquire

Chadwick Mullins

Elena Mullins

Anita Jo Kinlaw Troxler, Esquire